```
                   UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| NEW JERSEY BUILDING LABORERS STATEWIDE BENEFIT FUNDS AND THE TRUSTEES THEREOF, | |
| Petitioners, | Civil Action No. 10-cv-6518 (NLH)(KMW) |
| v. | **MEMORANDUM & ORDER** |
| GMAC CONSTRUCTION, L.L.C., | |
| Respondent. | |

**HILLMAN, District Judge**

　　This matter having come before the Court on the motion of Petitioners, New Jersey Building Laborers Statewide Benefit Funds and the Trustees Thereof, seeking to confirm the arbitration award granted against Respondent, GMAC Construction, L.L.C.; and

　　Petitioners constituting trust funds within the meaning of the Labor Management Relations Act, 29 U.S.C. § 186(c)(5), and employee benefit plans within the meaning of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(e) and (f); and

　　Petitioners also including trustees of the funds within the meaning of 29 U.S.C. § 1002(21)(A); and

　　It appearing that the parties entered into an enforceable collective bargaining agreement ("CBA") and that, pursuant to the CBA's terms and provisions, Respondent was obligated to make

contributions to the funds and also acknowledged the Petitioners' rights and duties as set forth in the Declaration of Trust of the Funds ("Trust Agreement"); and

    The Trust Agreement providing: "The Trustees may take any action necessary or appropriate to enforce payment of the contributions, interest, damages, and expenses provided for herein"; and

    The Trust Agreement further providing that Petitioners may "designate a permanent arbitrator to hear and determine collection disputes" if Respondent fails to make contributions as required; and

    It appearing that on November 2, 2010, an arbitrator found that Respondent was obligated to contribute benefit contributions to the Petitioners and awarded Petitioners $10,067.11 in unpaid contributions, interest, liquidated damages, attorneys' fees, and the arbitrator's fee; and

    It further appearing that Respondent has not complied with the arbitrator's decision and has not made any payments to Petitioners; and

    It further appearing that Petitioners properly served the present petition and motion upon Respondent, and that Respondent still has not appeared in this action; and

Section 9 of the Federal Arbitration Act empowering the Court to enter judgment on an arbitration award, 9 U.S.C. § 9; and

The Court noting that "[d]istrict courts have very little authority to upset arbitrators' awards," United Transp. Union Local 1589 v. Suburban Transit Corp., 51 F.3d 376, 379 (3d Cir. 1995); see Bricklayers & Allied Craftworkers Int'l Union Local 5 v. Jocanz, Inc., 2007 U.S. Dist. LEXIS 46461, at *4 (D.N.J. Jun. 25, 2007) (same); and

The Court further noting that "[o]nly when an arbitrator acted in manifest disregard of the law, or if the record before the arbitrator reveals no support whatsoever for the arbitrator's determination, may a district court invade the province of the arbitrator," United Transp. Union Local 1589, 514 F.3d at 380 (citation and internal quotation marks omitted); see 9 U.S.C. § 10 (enumerating the circumstances in which an arbitrator's award may be vacated); and

The Court finding that Respondent has not submitted any response or opposition to Petitioners' petition or motion; and

The Court finding that no evidence or argument suggests, nor does the Court discern, that the arbitrator acted in manifest disregard of the law, in excess of his authority, or in any

3

biased or corrupt manner when he issued the Award and Order on November 2, 2010; and

The Court finding that the arbitrator's Award and Order, and the decision therein, appear reasonable;

Accordingly,

**IT IS HEREBY** on this __31st__ day of January, 2011,

**ORDERED** that Petitioners' Motion to Confirm Arbitration Award [Doc. # 2] is **GRANTED**; and it is further

**ORDERED** that the arbitration award issued by J.J. Pierson, Esq., on November 2, 2010, shall be and is hereby **CONFIRMED**; and it is further

**ORDERED** that a judgment for $10,067.11, as directed by the arbitrator, shall be entered against Respondent; and it is further

**ORDERED** that this case shall be **CLOSED**.

At Camden, New Jersey  
___/s/ NOEL L. HILLMAN___  
NOEL L. HILLMAN, U.S.D.J.